LANDRIEU, Judge,
concurs with reasons.
I concur in the result, but would base the court’s holding on the fact that the judgment against defendant, Ruben Tucker, was improperly rendered because he was not served, did not make a general appearance, and a default was not entered against him.
This matter is before us on appeal from the judgment of the trial court and is reversible because of error. It is not an appeal from an Action of Nullity contemplated in La.Code Civ.Proc. arts. 2001-2006. While an Action of Nullity may be brought pending appeal, it must, nonetheless, be brought in the trial court. La.Code Civ. Proc. art. 2006.
Although the identities of the insured and insurer are merged into one to the extent of the policy limits and plaintiff’s further pursuit of his claim against the insured may be subject to a defense of res judicata, it is, nonetheless, reversible error to render a judgment against a defendant who has not been served or defaulted or, who prior to judgment, has not made a general appearance. Such a judgment may be timely appealed by any party aggrieved by the error.